26CA0042 Marriage of Jones 08-06-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 26CA0042
El Paso County District Court No. 19DR1167
Honorable Marcus Henson, Judge

In re the Marriage of

Elizabeth Marie Jones n/k/a Elizabeth Marie Nunez,

Appellee,

and

Quincy Darnell Jones,

Appellant.

ORDERS AFFIRMED

Division VI
Opinion by JUDGE GROVE
Gomez and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

No Appearance for Appellee

Quincy Darnell Jones, Pro Se

.

¶ 1     In this post-dissolution of marriage proceeding concerning Elizabeth Marie Jones, now known as Elizabeth Marie Nunez (wife), and Quincy Darnell Jones (husband), husband appeals the district court's denial of his C.R.C.P. 60(b) motion and its denial of his subsequent motion that the court, in effect, treated as a motion for reconsideration.  We affirm.

## I.     Background

¶ 2     In 2020, the district court dissolved the parties' marriage.  As part of the dissolution proceedings, the court entered both temporary and permanent orders that required husband to pay wife child support for the parties' one child.  In early 2025, the court modified husband's child support obligation based on recent changes to the allocation of parenting time.

¶ 3     On October 10, 2025, citing C.R.C.P. 60(b), husband filed two similar motions claiming that he was never properly served at the inception of the dissolution proceedings in April 2019.  Accordingly, husband asserted that all child support orders that had been entered by the district court were "void ab initio for lack of jurisdiction" and requested that wife be ordered to pay restitution for all child support that she had received since 2019.

¶ 4 In an October 27, 2025, order, the district court denied husband's motions, finding that he had participated in the dissolution proceedings, including the temporary and permanent orders hearings, without previously contesting the court's personal jurisdiction over him. Accordingly, the court concluded that husband had waived any defense of lack of personal jurisdiction.

¶ 5 One day later, husband filed two more motions that again sought relief under C.R.C.P. 60(b) from the child support orders based on the claim that he had not been personally served. Shortly thereafter, husband also moved to recuse the district court judge based on the allegation that the court had erroneously denied his October 10, 2025, motions.

¶ 6 The district court subsequently issued an order taking "no further action" on husband's additional motions, effectively denying them. The court explained that it had already rejected husband's arguments concerning service of process and personal jurisdiction in the October 27, 2025, order, and despite husband's disagreement, there was no "further legal basis for revisiting the findings of fact and conclusions of law in that [o]rder." The court

2

also "did not find a basis for recusal or reassignment of [the] case to a different judicial officer."

## II.    The Child Support Orders are not Void

¶ 7    Husband argues that the district court should have granted him relief from the child support orders under C.R.C.P. 60(b) because he was never personally served at the outset of the proceedings, and therefore the court lacked personal jurisdiction over him, rendering the various child support orders void. We are unpersuaded.

### A.    Standards of Review and Applicable Law

¶ 8    Rule 60(b) provides a remedy for a party seeking to set aside a final judgment or order. *See* C.R.C.P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" for the reasons specified in the rule.) As relevant here, we review de novo a district court's decision to grant relief from a judgment pursuant to C.R.C.P. 60(b)(3) on the basis that it is void, e.g., for lack of personal jurisdiction over the defendant due to improper service of process. *First Nat'l Bank of Telluride v. Fleisher*, 2 P.3d 706, 713-14 (Colo. 2000); *see also In re Marriage of Stroud*, 631 P.2d 168, 170 n. 5 (Colo. 1981) ("[W]here

the motion alleges that the judgment attacked is void, C.R.C.P. 60(b)(3), the trial court has no discretion.  The judgment either is void or it isn't and relief must be afforded accordingly.").

¶ 9    In addition, where, as here, the district court has effectively treated a motion as a motion for reconsideration, we review the district court's denial of such a motion for an abuse of discretion. *See Gold Hill Dev. Co., L.P. v. TSG Ski & Golf, LLC*, 2015 COA 177, ¶¶ 52, 56 (recognizing that, although motions for reconsideration are discouraged, they can be construed under C.R.C.P. 59 as motions to alter or amend findings or the judgment of the court).

## B.    Discussion

¶ 10    We perceive no error on the part of the district court.

¶ 11    Husband objects to a lack of personal jurisdiction, which is the court's power to subject a person to the decisions of the court. *See Stone's Farm Supply, Inc. v. Deacon*, 805 P.2d 1109, 1113 (Colo. 1991), *overruled on other grounds by Chapman v. Harner*, 2014 CO 78.  More specifically, husband contests the initial service of process, which "is directed to the manner of notifying a defendant that a plaintiff seeks to have a court exercise personal jurisdiction

over the defendant." *United Bank of Boulder, N.A. v. Buchanan*, 836 P.2d 473, 476 (Colo. App. 1992).

¶ 12    Absent valid service of process, a court may not exercise personal jurisdiction over a party, and a judgment entered without proper service of process generally violates due process and is void. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 315 (Colo. 2010); *In re C.L.S.*, 252 P.3d 556, 559 (Colo. App. 2011); *see also Armstrong v. Manzo*, 380 U.S. 545, 550 (1965) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Sebastian Holdings, Inc. v. Johansson*, 2025 COA 60, ¶ 13 (recognizing that under both the federal and Colorado constitutions, personal jurisdiction is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication).

¶ 13    However, it is well established that a party may waive a challenge to personal jurisdiction by failing to timely assert the

defense.  *Garcia v. Puerto Vallarta Sports Bar, LLC*, 2022 COA 17, ¶ 26.  Likewise, a party may waive such a challenge by submitting to the court's personal jurisdiction over them, *Delta Cnty. Mem'l Hosp. v. Indus. Claim Appeals Off.*, 2021 COA 84, ¶ 19, meaning that "a [party] may not actively participate in the litigation and then later decide to raise a personal jurisdiction defense," *Giduck v. Niblett*, 2014 COA 86, ¶ 27.  *See also Davis v. Dist. Ct.*, 423 P.2d 846, 847 (Colo. 1967) ("[A] party who appears in the action and voluntarily proceeds with it . . . waives any defect in service of process."); *Black v. Black*, 2020 COA 64M, ¶ 67 (where the defendant "actively participated in [the] proceedings" and did not challenge personal jurisdiction until after an adverse ruling, he waived the defense).

¶ 14    Here, even accepting as true husband's claim that he was not properly served at the inception of the dissolution of marriage proceedings in April 2019, we agree with the district court that husband has since waived any objection to improper service and the court's personal jurisdiction over him by failing to object and then actively participating in the case.  *See Giduck*, ¶ 27; *Davis*, 423 P.2d at 847; *Black*, ¶ 67.

¶ 15    Critically, husband has not cited any place in the record where he questioned the sufficiency of service of process or the court's personal jurisdiction over him at the commencement of the case. Moreover, as observed by the district court, husband fully participated in both the temporary and permanent orders hearings during which the district court determined child support.

¶ 16    Then, following the entry of the permanent orders, husband continued to participate in the case by taking actions such as moving to modify parenting time and child support, all while remaining silent on the alleged service of process issue. Indeed, husband did not raise the issue with the district court for more than six years after the allegedly defective service occurred. Thus, husband's challenge to the court's personal jurisdiction over him is untimely. *See Meggitt v. Stross*, 2021 COA 50, ¶ 45 (where party first objected to insufficient service or notice more than a year into the proceedings, she waived her challenge to court's personal jurisdiction over her).

¶ 17    While husband relies on *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), to suggest that his participation in the case could not have cured or waived the allegedly defective

service, *Espinosa* contains no such holding. Instead, consistent with our disposition here, *Espinosa* held that a party claiming inadequate service of process "forfeited its arguments regarding the validity of service . . . by failing to raise a timely objection" after already participating in the case by filing other documents. *Id.* at 275.

¶ 18 In sum, we conclude that husband waived any challenge to the court's personal jurisdiction over him. After fully participating in the litigation for years, he cannot "pull [his] personal jurisdiction defense 'out of the hat like a rabbit.'" *Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, 203 F.3d 835, 2000 WL 147392, at *3 (10th Cir. Feb. 4, 2000) (unpublished table opinion) (citation omitted). Accordingly, the district court did not err by denying husband's C.R.C.P. 60(b) motion, nor did it err by declining to reconsider the same.

¶ 19 Lastly, to the extent that husband claims that the district court ran afoul of the provisions of the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901-4043, we decline to consider his contentions. "It is axiomatic that issues not raised in or decided by a lower court will not be addressed for the first time on appeal,"

*Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*, 2012 CO 61, ¶ 18, and husband has not identified, nor have we been able to locate, where he presented such arguments in the district court. *See also* C.A.R. 28(a)(7)(A) (requiring the appellant to identify "the precise location in the record where the issue was raised and where the court ruled").

## III. Disposition

¶ 20   The orders are affirmed.

JUDGE GOMEZ and JUDGE MOULTRIE concur.